UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number:   1:24-cr-00356-CRC |
| ) | |
| SAMUEL GUIZIO ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the Defendant, Samuel Guizio, by counsel, Richard H. Nash III, and respectfully submits the following Sentencing Memorandum.

**I.    Introduction**

The Defendant [hereinafter "Mr. Guizio"] has pleaded guilty to two Class B Misdemeanors, including violations of 40 U.S.C. § 5104(e)(2)(D) (Disorderly or Disruptive Conduct in a Capitol Building or Grounds) and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). Both offenses arise out of Mr. Guizio's conduct in Washington, DC on January 6, 2021. Mr. Guizio is before this Honorable Court for sentencing on these offenses.

Each of Mr. Guizio's offenses carry a maximum sentence of six months' imprisonment followed by up to one year of supervised release, pursuant to 18 U.S.C. § 5109(b) and 18 U.S.C. § 3583(b); up to five years' probation, pursuant 18 U.S. Code § 3561(c); a fine of not more than $5,000.00, pursuant to 18 U.S. Code § 3571(b)(6); and an obligation to pay interest or penalties on fines and restitution not timely made. The sentences imposed for each count may run

consecutively to one another. As a condition of his plea, Mr. Guizio has agreed to pay restitution in the amount of $500.00 to the Architect of the Capitol.

Because both of Mr. Guizio's offenses are Class B Misdemeanors, the sentencing guidelines do not apply. 18 U.S.C. §3559; U.S.S.G. §1B1.9. Mr. Guizio, therefore, respectfully requests that the Court determine a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Mr. Guizio specifically requests that the Court sentence him to a term of probation of not more than one year and a statutory fine of not more than $750.00. As a condition of probation, Mr. Guizio requests that the Court order him to pay $500.00 in restitution as previously agreed.

In support thereof, Mr. Guizio states as follows:

**II.     Procedural History**

On August 6, 2024, the United States Attorney for the District of Columbia filed a four-count Information with this Court charging Mr. Guizio with the following offenses:

- Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C § 1752(a)(1) (Count One);

- Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Two);

- Disorderly Conduct in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2)(D) (Count 3); and

- Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). Presentence Report ["PSR"], ECF No. 10 at ¶ 1.

Each count of the Information is based on Mr. Guizio's admitted participation on January 6, 2021 in a political protest that progressed into a riot in and upon the grounds of the United States Capitol in Washington, DC, the so-called "Capitol Riot." PSR at ¶¶ 12-20.

The Information against him did not comes as surprise Mr. Guizio. Several weeks before its filing, Mr. Guizio had agreed to plead guilty to Counts Three and Four of the Information in exchange for the Government's promise to dismiss Counts One and Two at sentencing and to refrain from further prosecuting him for his conduct on January 6, 2021. PSR at ¶ 4. Mr. Guizio accepted that offer in writing on July 17, 2024. On the same day, Mr. Guizio acknowledged in writing the accuracy of an accompanying Statement of Offense prepared by the United States Attorney's Office.

Mr. Guizio's agreement to plead guilty in this matter followed more than three years of cooperation in the Government's case against him. This began in February 2021, when Mr. Guizio voluntarily and without counsel submitted to an interview with Special Agent Kevin Wagner of the Federal Bureau of Investigation ["FBI"]. In that interview, Mr. Guizio admitted to his conduct on January 6, 2021 and agreed to cooperate with Special Agent Wagner in the FBI's investigation of the matter. To that end, Mr. Guizio provided Special Agent Wagner with digital photographs and videos that he took on the day of his offenses as well as access to his telephone records and social media accounts. In so doing, Mr. Guizio was aware that the information he provided would assist the Government in building a case against him and others.

Based on Mr. Guizio's cooperation, the Government did not seek his arrest upon filing of the Information. Mr. Guizio instead appeared voluntarily before this Court on September 19, 2024 via video conference from his counsel's office in Louisville, Kentucky and formally pleaded guilty to Counts Three and Four. PSR at ¶ 4. As part of his plea, Mr. Guizio acknowledged that this Court

would determine the appropriate sentence for his offenses bases on statute. Mr. Guizio also agreed to give the Government further access to his social media accounts and to submit as the Government may request to additional law enforcement interviews regarding the events of and around January 6, 2021. PSR at ¶¶ 4-7. Finally, Mr. Guizio agreed to pay restitution in the amount of $500.00 to the office of the Architect of the Capitol. PSR at ¶ 9.

The Court accepted Mr. Guizio's guilty plea and ordered that he remain free pending sentencing on a Personal Recognizance Bond with pretrial supervision in the Western District of Kentucky. As conditions of release, the Court ordered Mr. Guizio to remain in the Western District of Kentucky, notify Pretrial Services of any travel outside of the Western District of Kentucky, have no contact with Washington, DC, obtain Court approval for any travel outside of the continental United States, and not to possess a passport or firearms. PSR at ¶ 10. Mr. Guizio since then has remained in compliance with all terms of his release. PSR at ¶ 11.

### III.    Sentencing Factors 18 U.S.C. § 3553(a)

Sentencing misdemeanor cases is guided by 18 U.S.C. § 3553(a), which provides a framework of factors that a court must consider in formulating a defendant's sentence. As discussed below, application of these statutory factors to the case at hand weighs in favor of sentence of probation for a term on not more than one year and a fine of not more than $750.00.

#### a.    History and Characteristics of the Defendant

Mr. Guizio was born November 4, 1999 in Louisville, Kentucky to the marital union of his natural parents, Anthony and Cathy Guizio. Mr. Guizio's parents, both 60 years old, raised Mr. Guizio in a middle-class environment in suburban Louisville, Mr. Guizio's father works as the manager of a diesel engine company. His mother is employed as an elementary school teacher. PSR at ¶ 31. Mr. Guizio maintains a "very close relationship" with his parents as well his only

sibling, Nic Guizio, a 21-year-old student at the University of Kentucky in Lexington, Kentucky. PSR at ¶¶ 32-33.

Mr. Guizio attended Catholic schools in Louisville until his graduation from St. Xavier High School in 2018. PSR at ¶ 44. Mr. Guizio attended college at the University of Kentucky from August 2018 to May 2022, when he graduated with a Bachelor of Science degree. PSR at ¶ 45. In high school, Mr. Guizio worked in food service. In college, Mr. Guizio worked in various retail jobs. PSR at ¶ 49.

After graduating from college, Mr. Guizio moved to Frankfort, Kentucky, where he worked as a state employee with the Kentucky Division for Air Quality. Mr. Guizio left this position in August 2023 and returned to Louisville, where he began work as a claims evaluator for another state agency, Kentucky Disability Determination Services ["DDS"]. PSR at ¶ 48. Mr. Guizio lost his job with DDS on September 23, 2024 after disclosing his guilty plea in this matter.

In October 2024, Mr. Guizio began his current employment as a package handler at the United Parcel Service ["UPS"] hub in Louisville. In this capacity, Mr. Guizio is responsible for loading and unloading airplanes at Louisville Muhammad Ali International Airport. PSR at ¶ 47. Although Mr. Guizio officially is a part-time employee at UPS, he often works overtime earns enough money through his employment to meet basic needs with a slight positive monthly cash flow. PSR at ¶ 56. Mr. Guizio has paid his own fees and costs associated with this case and will be solely responsible for the payment of restitution and any fine this Court may impose against him.

Mr. Guizio is single, has never been married, and has no children. PSR at ¶ 34. He currently resides alone in a single-family home that he rents from his parents for $400.00 per month. The home previously belonged to Mr. Guizio's grandparents. PSR at ¶¶ 35-36.

Aside from this matter, Mr. Guizio has had no involvement with the criminal justice system. Mr. Guizio has no juvenile adjudications, adult criminal convictions, pending charges, arrest history, or history of other criminal conduct. PSR at ¶¶ 24-29. Mr. Guizio is not involved or associated with any anti-Government or fringe political groups and has no history of the same. Likewise, Mr. Guizio has no history of alcohol or drug abuse. Although Mr. Guizio occasionally consumes alcohol, he has never done so to excess. Although Mr. Guizio used marijuana occasionally in high school and college, his use was infrequent and not habitual. Mr. Guizio has not consumed marijuana for at least two years. PSR at ¶¶ 41-43.

Mr. Guizio deeply regrets his conduct on January 6, 2021 and is ready to face the consequences of his actions at sentencing. Mr. Guizio has taken responsibility for his conduct since his first contact with Special Agent Wagner in February 2021. Mr. Guizio accepted the Government's plea offer in this matter nearly immediately upon receiving it and before the filing of the Information against him. In so doing, Mr. Guizio has saved the Government from expending funds unnecessarily on his prosecution.

Mr. Guizio understands that the Court could sentence him to serve up to one year of imprisonment in this matter and impose fines totaling $10,000.00. If the Court imposes a sentence of imprisonment, Mr. Guizio will lose his employment for the second time as a result of his conduct on January 6, 2021. If the Court allows Mr. Guizio to remain free from imprisonment, he plans to continue his employment with UPS and apply to graduate school programs in furtherance of his education and future employment opportunities. If granted probation as requested, Mr. Guizio will refrain from further violations of the law and abide by all conditions that this Court and the Department of Probation may impose upon him.

      b.  **Nature and Circumstances of the Offense**

  Although Mr. Guizio had no previous history of political involvement or protest, while in college, he became a fervent supporter of then-President and current President Elect Donald J. Trump. In the weeks following the 2021 presidential election, Mr. Guizio came to believe Mr. Trump's constant assertions that he was the rightful winner of the election and that the election had been stolen from him. Based on this belief, Mr. Guizio traveled from Lexington to Washington, DC to attend the so-called "Stop the Steal" rally, which took place on January 6, 2021 near the White House Ellipse. PSR at ¶ 19.

  Mr. Guizio attended the rally with the intent of engaging in lawful protest as a show of support for Mr. Trump. Unfortunately, at the rally, Mr. Guizio became caught up in the excitement of the moment and heeded Mr. Trump's call to continue the protest at the United States Capitol. Mr. Guizio then joined thousands of other protesters in marching from the White House to the Capitol. At the time, Mr. Guizio believed Mr. Trump's assertion that he would be leading the march.

  At the Capitol, Mr. Guizio trespassed over a restricted perimeter that law enforcement had established and unlawfully entered the Capitol grounds. Upon reaching the Capitol building, Mr. Guizio climbed a series of stairs to the Capitol's Upper West Terrace. Mr. Guizio then joined a crowd entering the Capitol through the Senate Wing doors. Mr. Guizio remained in a corridor immediately inside the Capitol for 36 seconds before exiting the building through the same door he used to enter it. Mr. Guizio then remained on or about the Capitol grounds for approximately two hours before leaving to return to Kentucky. PSR at ¶ 20.

  Mr. Guizio did not engage in acts of violence, vandalism or the destruction of property at the Capitol but acknowledges that many of his fellow protesters did so. While in the Capitol and

upon the Capitol grounds, Mr. Guizio took digital photographs and videos of the events around him. As discussed above, Mr. Guizio voluntarily provided all such photographs and videos to Special Agent Wagner in February 2021.

### c. Purposes of Sentencing

18 U.S.C. § 3553(a) directs courts at sentencing to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). These include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law; provide just punishment; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Sentencing Mr. Guizio to a term of probation not longer than one year would achieve each of these statutory purposes.

Although there is no excuse for Mr. Guizio's participation in the events of January 6, 2021, the extent of his participation in those events was limited. Mr. Guizio did not come to the Capitol armed or as a member of any group. Mr. Guizio did not engage in acts of violence, vandalism, or the destruction of property at the Capitol. Mr. Guizio did not come to Washington intending violate the law or overrun the Capitol. Mr. Guizio did not break into the Capitol building but followed a crowd of others inside through an open door without resistance from law enforcement. Mr. Guizio then spent only 36 seconds inside the Capitol before exiting through the same open door. Mr. Guizio was not arrested or forced to leave the Capitol grounds but did so voluntarily. Based on this conduct, a term of probation not longer than one year would sufficiently reflect the seriousness of Mr. Guizio's offenses and provide just punishment for the same.

Mr. Guizio has demonstrated his respect for the law in this matter by cooperating with the FBI in the weeks following his offenses, aiding the Government's investigation of his own conduct and the conduct of others, and immediately accepting the Government's plea offer without challenging the case against him. Mr. Guizio has no history of criminal behavior before or after January 6, 2021. Following his offenses in this matter, Mr. Guizio returned to college, graduated, and has since maintained steady employment, first with the Commonwealth of Kentucky and now with UPS. Mr. Guizio poses no threat to the public and is not in need of correctional treatment.

Mr. Guizio did not go to Washington intending to commit a crime. He intended only to engage in lawful protest. Even as he naively followed thousands of fellow protesters to the Capitol, Mr. Guizio believed that he was doing so under the direction of the President of the United States of America. Mr. Guizio did not become fully aware that his conduct at the Capitol was criminal until after the events of the day had concluded. Reflecting upon his conduct afterward, Mr. Guizio became regretful and ashamed.

Pending sentencing, Mr. Guizio has realized significant collateral consequences resulting from his conduct on January 6, 2021. These include the loss of his state employment, restrictions on his personal liberty, and the humiliation of publicly pleading guilty to crimes against his own country. A reasonable term of continued Government supervision and restricted liberty pursuant to a sentence of probation would be more than sufficient to deter Mr. Guizio and others like him, from engaging in future criminal conduct.

As discussed previously herein, there is a wide range of sentencing options available to the Court in this matter. These include up to a year of imprisonment with an additional year of supervised release, up to five years of probation, and a fine of up to $5,000.00 for each offense. Under the circumstances, however, imposition of a term of probation best fits the statutory

directive for a punishment that is sufficient, but not greater than necessary, to achieve the purposes of sentencing under 18 U.S.C. § 3553(a)(2).

### d. Avoiding Unwarranted Sentencing Disparities

The statutory sentencing factors also require courts to consider the necessity of avoiding "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering this factor, Mr. Guizio asks the Court to look to the case of his former associate, David Smither.

Mr. Smither traveled with Mr. Guizio from Lexington to Washington to attend the "Stop the Steal" rally on January 6, 2021. Mr. Smither also entered the Capitol that day. Mr. Smither was arrested in Lexington on December 7, 2023 based on an Information entered against him that day. Mr. Smither ultimately pleaded guilty in this Court to the same two offenses that Mr. Guizio has pleaded to in this matter. The Court on May 1, 2024 sentenced Mr. Smither to a six-moth term of probation and a fine of $750.00 in addition to $500.00 in restitution. *United States v. Smither*, 2024-CR-15 (JMC).

Mr. Smither and Mr. Guizio are similarly situated. They come from similar backgrounds and have no history of criminal conduct before or after January 6, 2021. Mr. Smither and Mr. Guizio both were college students at the time of their offense. Sentencing Memorandum at 2-3, *Smither*, ECF No. 21; PSR at ¶¶ 31-33, 44-45. Both were raised in middle-class environments in Kentucky and enjoy close familial relationships and support. Sentencing Memorandum at 2-3, *Smither*, ECF No. 21; PSR at ¶¶ 31-33. Both have a history of steady employment. Sentencing Memorandum at 2-3, *Smither*, ECF No. 21; PSR at ¶¶ 47-49. Neither has a history of substance abuse. Sentencing Memorandum at 2, *Smither*, ECF No. 21; PSR at ¶¶ 41-43. Both quickly took

responsibility for their conduct at the Capitol and entered into plea agreements with the Government. Sentencing Memorandum at 3, *Smither*, ECF No. 21; PSR at ¶ 4.

In most respects, Mr. Smither and Mr. Guizio appear to fit the very definition of "defendants with similar records who have been found guilty of similar conduct" as contemplated in 18 U.S.C. § 3553(a)(6). Mr. Smither's conduct on January 6, 2021, however, indicates that he is more culpable than Mr. Guizio in these matters. First, Mr. Smither entered the Capitol building "by climbing through a smashed window and stepping over downed furniture." Sentencing Memorandum at 3, *Smither*, ECF No. 21. Mr. Guizio entered the Capitol through an open door. PSR at ¶ 20.  Second, Mr. Smither remained in the Capitol for 13 minutes after entry. Sentencing Memorandum at 3, *Smither*, ECF No. 21. Mr. Guizio, by contrast, remained in the Capitol for just 36 seconds before thinking better of his actions and exiting through the same door he had entered. PSR at ¶ 20.

Based on the above, the imposition of a term of imprisonment against Mr. Guizio, or a term of probation longer than six months to one year, would create an unwarranted sentencing disparity with Mr. Smither.

   e. **Fine**

Mr. Guizio's convictions for violations of 40 U.S.C. §§ 5104(e)(2)(D) and (G) subject him to a maximum statutory fine of $5,000.00 for each of his offenses. 18 U.S.C. § 3571(b). Imposition of a fine is a matter within the discretion of the Court. 18 U.S.C. § 3572(a)(1). In considering whether to impose a fine, a sentencing court should consider the defendant's income, earning capacity, and financial resources. *Id.* Mr. Guizio concedes that he has the financial ability to pay a fine within the range provided by statute but requests that the Court impose a fine no greater than

$750.00, which is commensurate with the fine imposed upon Mr. Smither in *United States v. Smither*, 2024-CR-15 (JMC). Judgment at 5, *Smither*, ECF No. 25.

    **f.**    **Restitution**

As a condition of his Plea Agreement in this matter, Mr. Guizio has agreed to pay restitution to the Architect of the Capitol in the amount of $500.00.

**IV.**    **Conclusion**

In consideration of the foegoing, Mr. Guizio respectfully requests that the Court sentence him to a period of probation of not more than one year, impose upon him a fine of not more than $750.00, and order that he pay restitution to the Architect of the Capitol in the amount of $500.00 as agreed. Such a sentence would be sufficient, but not greater than necessary, to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a) and appropriately account for Mr. Guizio's history and characteristics, the nature and circumstances of his offenses, and the need for just punishment, deterrence, and public protection. Such a sentence also would avoid an unwarranted sentencing disparity with Mr. Smither, a defendant with a record and background similar to Mr. Guizio's, who has pleaded guilty to the same offenses based of similar, but arguably more culpable, conduct. In any case, Mr. Guizio will accept and comply with the judgement of this Court and refrain from further criminal conduct in the future.

    Respectfully submitted,

*/s/ Richard H. Nash III*
RICHARD H. NASH III
235 South Fifth Street, Fourth Floor
Louisville, Kentucky 40202
(502) 584-6394 office
(502) 314-6810 mobile
richardhnash@gmail.com
KY Bar No. 90283
*Counsel for the Defendant, Samuel Guizio*

**CERTIFICATE OF SERVICE**

      It is hereby certified that on this the 14th day of January 2025 the undersigned or his agent served a true and accurate copy of the foregoing upon the following via electronic service and/or U.S. Mail to the following:

Hon. Peter F. Andrews
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
peter.andrews@usdoj.gov

                                  */s/ Richard H. Nash III*
                                  RICHARD H. NASH III